Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4174 | **DATE** | 12/18/2000 |
| **CASE TITLE** | Balamut, et al. vs. Pena, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Mlynczak's motion for summary judgment is denied. Motion for case management conference is granted. Parties are directed to submit a briefing schedule regarding pending motions.

*AUSA Ryczek*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 47 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. BALAMUT,           )
JURGIS PALIULIONIS,          )
JOHN D. KASPROWICZ,          )
BARBARA J. THOMPSON,         )
CAROLYN R. HENKE, and        )
JUDITH KELLY,                )
                             )
            Plaintiffs,      )
                             )   Nos. 97 C 4174
                             )        97 C 4313
                             )        consolidated
            v.               )
                             )
BILL RICHARDSON, Secretary,  )
United States Department of Energy,)  Judge George M. Marovich
                             )
            Defendant.       )
                             )
BERNARD J. MLYNCZAK,         )
                             )
            Plaintiff,       )
                             )
            v.               )
                             )
BILL RICHARDSON, Secretary,  )
United States Department of Energy,)
                             )
            Defendant.       )

MEMORANDUM OPINION AND ORDER

Plaintiff Bernard J. Mlynczak ("Mlynczak") filed this action against Defendant Bill Richardson[1] alleging employment

---

[1] The complaint originally named then Secretary of the
(continued...)

1

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.[2] Mlynczak now moves for partial summary judgment. For the reasons set forth below, Mlynczak's motion is denied.

BACKGROUND

Unless otherwise noted, the following facts are undisputed. Mlynczak, a white male, is employed by the Chicago Operations Office ("COO") of the Department of Energy. He holds a GS 13 level position. On three occasions, Mlynczak has applied for GS 14 level positions within the COO. Each time another candidate was hired. Twice the hirees were white women and once a Hispanic woman was hired. Mlynczak claims that the women were chosen over him pursuant to the COO's Affirmative Action Plan and Workforce 21 Diversity Plan (the "Plans"). He claims those hiring decisions were made impermissibly on the basis of gender and/or race and not on merit. Mlynczak filed this complaint alleging

---

[1](...continued)
United States Department of Energy, Frederico Pena. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, current Secretary of the United States Department of Energy, is now the Defendant.

[2] A third count of retaliation in violation of the First Amendment was voluntarily withdrawn by Mlynczak.

2

employment discrimination and retaliation in violation of Title VII. He has now filed a motion for partial summary judgment arguing that the Plans violate his constitutional right to equal protection and requesting that this Court declare the Plans unconstitutional and enjoin COO from implementing and administering the Plans.

## DISCUSSION

I. Standards for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The record "and all reasonable inferences drawn from it [are to be viewed] in the light most favorable to the party opposing the motion." Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 226 (7th Cir. 1995).

II. Equal Protection

In attempting to assert an equal protection claim in addition to his Title VII employment discrimination claim, Mlynczak runs head first into Brown v. General Services Administration, 425 U.S. 820 (1976). In Brown, the Supreme Court, in no uncertain terms, held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal

3

employment." Id. at 835 (emphasis added). In order to distinguish the present case from Brown, Mlynczak points out that the Brown case involved a plaintiff who failed to meet the procedural requirements of bringing a Title VII claim and who tried to circumvent those requirements by bringing an equal protection claim. While this is certainly true, the Court fails to see how the Supreme Court's holding could be read to apply so narrowly as to only govern these specific types of plaintiffs. If the Court were to allow Mlynczak to pursue the equal protection claims he raises in his motion for partial summary judgment, the Court would be holding, in effect, that plaintiffs' ability to bring equal protection claims is tied to whether or not they have met the procedural requirements of bringing their Title VII claims. This Court finds no authority to so hold. Rather, this Court believes that the correct interpretation of Brown is that in cases where a plaintiff has abided by the procedural requirements of Title VII (as in cases where the plaintiff has failed to do so), Title VII is the exclusive judicial remedy for a federal employee bringing a claim of discrimination against the federal government. See e.g. Lutes v. Goldin, 62 F.Supp. 2d. 118, 135 (D.D.C. 1999)("Plaintiff here is a federal employee seeking to bring a constitutional challenge

4

against the federal government premised upon claims of discrimination. The Supreme Court's ruling in Brown could not be any clearer in rejecting the type of challenge brought by the Plaintiff.")

This Court is also unconvinced by Mlynczak's attempt to paint his claim as something other than employment discrimination. His motion for partial summary judgment specifically attacks the constitutionality of the Plans. This attack is based directly on his belief that, pursuant to the Plans, the COO failed to promote him three times based impermissibly on his gender and race. This is a classic Title VII employment discrimination claim. As he is a federal employee suing the federal government, the exclusive judicial remedy at his disposal is Title VII. Therefore, Mlynczak's partial motion for summary judgment on the basis of his equal protection right cannot prevail.

## CONCLUSION

For the foregoing reasons, Mlynczak's motion for summary judgment is denied.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: December 17, 2000